IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| V. ) | Cr. No. 1:19-CR-00047-07 |
| ) | |
| SHANNON MARIE WILMOTH, ) | |
|     Defendant. ) | |

## MOTION FOR EXCULPATORY EVIDENCE

Comes Now the Defendant, by counsel, and specifically moves the Court to require the government to reveal to this Defendant and permit inspection and copying of all information and material known to the government or under its control which may be favorable to this Defendant on the issues of guilt or punishment within the scope of Brady v. Maryland, 373 U.S. 83 (1963), and the cases interpreting that decision, see e.g. Kyles v. Whitely, 131 L.Ed. 2d 490 (1995); United States v. Agurs, 427 U.S. 97 (1976); and Giglio v. United States, 405 U.S. 150 (1972), including but not limited to the following.

The Defendant specifically moves the Court to require the government to

1

disclose to this Defendant any and all evidence which might arguably tend to diminish the credibility of any and all persons the United States, in all likelihood, intends to call as witnesses including, but not limited to, the existence and substance of any plea agreements, payments of money or any other thing of value, promises of immunity, leniency, or preferential treatment within the scope of United States v. Giglio, 405 U.S. 150 (1972), and Napue v. Illinois, 360 U.S. 264 (1959), and any and all consideration or promises of consideration given to any witness to be called for the government. By "consideration," Defendant refers to absolutely anything, whether bargained for or not, which could be of value or use to a witness or to persons of concern to the witness, including, but not limited to, criminal, civil or tax immunity grants, relief from forfeiture, assistance or favorable treatment or recommendations with respect to any criminal, civil, tax court, court of claims, any administrative or other legal dispute with the government or any other party, payment of money or fees, witness fees or special witness fees, provision of food, clothing, shelter, transportation or other like benefits, placement in a "witness protection program," and anything else which arguably could result in an interest or bias in the witness in favor of the government against the defense

2

or an inducement to testify or to color testimony.

The Defendant specifically requests all information concerning the content of any plea negotiations between the United States and its witnesses and all promises and threats, express or implied, directed to the witnesses.

The Defendant requests any and all records of polygraph examinations given to government witnesses as well as any information concerning the refusal of any government witness to submit to such an examination in connection with this case.

The Defendant further moves the Court to require the government to disclose the criminal records of witnesses, and any other information about the witnesses which would have a bearing on their credibility, including pending charges, information known to the United States or any of its agents concerning the witnesses' alcohol abuse, involvement with controlled substances, and/or narcotics abuse. The foregoing request encompasses, but is not limited to, all information regarding all prior material acts of misconduct of the witnesses and all psychiatric reports and evidence of narcotics addiction or usage by the witnesses.

The Defendant further moves the Court to direct the government to disclose and

produce any statements, written or oral, of any government witnesses which are favorable to the Defendant and the names and addresses of any and all potential witnesses who possess exculpatory evidence.

The Defendant further moves the Court to direct the government to disclose any and all statements of witnesses which vary in material detail, either internally or with other statements of the same witness, or with statements of other witnesses, such statements being evidence which might tend to diminish the credibility of such witnesses pursuant to Giles v. Maryland, 386 U.S. 66 (1967).

The Defendant further moves the Court to direct the government to disclose any and all information concerning untruthful or false statements made by government witnesses, and any and all information concerning the lack of credibility of any government witness including reputation for untruthfulness or fraud, previous criminal activity, dishonesty, prior misconduct reflecting on truthfulness, false exculpatory statements made by the government witness or other inconsistent statements.

The Defendant further moves the Court to direct the government to disclose the substance of co-conspirator statements that the government intends to offer into

4

evidence pursuant to Fed.R.Evid. 801(d)(2)(E) and any information or records concerning the lack of credibility of such co-conspirator or unindicted co-conspirator including reputation for untruthfulness or fraud, previous criminal activity, dishonesty, prior misconduct reflecting on truthfulness, false exculpatory statements made by the declarant or other inconsistent statements.

The Defendant specifically moves the Court to direct the government to provide the Defendant with all Brady/Agurs/Giglio material as soon as possible, noting that where there is evidence having a "material bearing on defense preparation," the government should provide the defense with such material (especially exculpatory material) in sufficient time prior to trial to allow the Defendant to use such evidence in a meaningful way.

Respectfully submitted,

Shannon Marie Wilmouth

By: s/*Melissa W. Friedman*
      Counsel

5

Melissa W. Friedman, VSB #27277
Anderson & Friedman
P. O. Box 1525
Roanoke, Virginia   24007
(540) 982-1525
(540)982-1539 (fax)
mqwfriedman@afalaw.com
  Counsel for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that this 14th day of November, 2019, I electronically filed the foregoing MOTION FOR EXCULPATORY EVIDENCE with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record including the following:

Suzanne Kerney-Quillen, Esquire, AUSA
Office of the United States Attorney, Western District of Virginia
180 W. Main Street
Abingdon, Virginia 24201
276-628-4161
276-628-7399 (fax)
suzanne kerney-quillen@usdoj.gov

                                            s/*Melissa W. Friedman*
                                            Anderson & Friedman
                                            1102 Second Street, S. W.
                                            P. O. Box 1525
                                            Roanoke, Virginia   24007
                                            (540) 982-1525
                                            (540) 982-1539 (Fax)
                                            mqwfriedman@afalaw.com